UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

KOWRISHANKER MALAIKOLUNDU,                          Docket No.: 1:17-cv-9488

                    Plaintiff,

                     -against-                                COMPLAINT

THE BLUE DVD INC., SHMUEL MALKA,
MOSHE MALKA, SEXY SHAKES INC.,
and BLUE TOYS CORP.,

                    Defendants.

--------------------------------------------------------X

Plaintiff Kowrishanker Malaikolundu brings this Complaint by and through his undersigned attorney at Gehi & Associates. Plaintiff seeks to recover unpaid wages, overtime compensation, and spread of hours pay under federal and state law earned while working for Defendants, The Blue DVD Inc., Moshe Malka, Shmuel Malka, Sexy Shakes Inc., and Blue Toys Corp. Plaintiff also endeavors to recover penalties for Defendants' failure to provide him notice of pay pursuant to state law. Plaintiff bases these allegations upon his personal knowledge and upon information and belief.

## PRELIMINARY STATEMENT

1)     This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207, and 216(b), *inter alia*, New York Labor Law ("NYLL") §§ 198(1-b), (1-d), and 663, *inter alia*, and New York Codes, Rules and Regulations ("NYCRR") § 142-2.2, -2.4, *inter alia*.

2)     Plaintiff is entitled under federal and state law to: (i) unpaid wages from Defendants for all hours worked by Plaintiff and not fully compensated by Defendants,

1

(ii) compensation for overtime, for which Plaintiff did not receive from Defendants as required by law, (iii) spread of hours pay, which Plaintiff earned but was not compensated for by Defendants as required by law, (iv) penalties for Defendants' failure to provide him with notice of pay, (v) liquidated damages, (vi) reasonable attorney's fees, and (vii) costs and disbursements of this action.

<u>JURISDICTION AND VENUE</u>

3)      The court has subject matter jurisdiction over the federal law claims in this action pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a) because the federal and state law claims are so related as to form part of the same case or controversy.

4)      Venue is proper in the United States District Court for the Southern District of New York ("District") under 28 U.S.C. § 1391(1) because The Blue DVD Inc., Sexy Shakes Inc., and Blue Toys Corp. reside in this District and all Defendants reside in New York state, and under 28 U.S.C. § 1391(2) because a substantial part of the events and omissions giving rise to the claims occurred in this District.

<u>PARTIES</u>

*Kowrishanker Malaikolundu*

5)      Plaintiff is a former employee of the Defendants and a resident of Kings County, New York.

6)      Plaintiff worked at The Blue DVD Inc. and Blue Toys Corp. for various periods, as discussed below, between roughly June 2011 to July 2017, as a cashier, video-booth cleaner, and bill changer.

7)       The Plaintiff worked at Sexy Shakes Inc., a corporation operating from the same address as one of The Blue DVD Inc. and Blue Toys Corp.'s locations and controlled by the same persons, from approximately May 2016 to July 2017, as a cashier, food preparer, and cleaner.

8)       At all relevant times, Plaintiff was subject to the power and control of Moshe and Shmuel Malka.

*The Blue DVD Inc.*

9)       Defendant The Blue DVD Inc. is a New York domestic business corporation with its principal executive office at 236 W. 40th St., New York, NY 10018.

10)      The Blue DVD Inc. is an adult store that sells primarily sex toys and adult DVDs, and that shows adult films in private viewing booths. The Blue DVD Inc. has also sold handbags and smoking implements at 236 W. 40th St., New York, NY 10018.

11)      The primary business location of The Blue DVD Inc. is at 236 W. 40th St., New York, NY 10018.

12)      During the time of Plaintiff's employment with The Blue DVD Inc., The Blue DVD Inc. also operated out of a location near 18th St. and 8th Ave., New York, NY 10011. Upon information and belief, this location has since changed ownership and/or closed down.

13)      Upon information and belief, The Blue DVD Inc. has not and does not operate out of any other locations.

14)      The chief executive officer of The Blue DVD Inc. is Shmuel Malka.

15)      Moshe Malka has, at all relevant times, been a manager of The Blue DVD Inc.

*Shmuel Malka*

16)      Defendant Shmuel Malka is the chief executive officer of The Blue DVD Inc.

17)     Upon information and belief, Shmuel Malka resides in New York County, New York.

18)     Shmuel Malka is the father of Moshe Malka.

19)     Shmuel Malka is intimately involved in the affairs of The Blue DVD Inc.

20)     In addition, during at least the time of Plaintiff's employment with Sexy Shakes Inc., Shmuel Malka acted as a manager of Sexy Shakes Inc. and was intimately involved in the affairs of Sexy Shakes Inc.

21)     Upon information and belief, Shmuel Malka is an officer, owner, or manager of Blue Toys Corp. and is intimately involved in its affairs.

*Moshe Malka*

22)     Upon information and belief, Defendant Moshe Malka is a manager of The Blue DVD Inc. and Sexy Shakes Inc., and is intimately involved with the affairs of both corporations.

23)     Moshe Malka is the son of Shmuel Malka.

24)     Upon information and belief, Moshe Malka is a relative and/or friend to the chief executive officer of Sexy Shakes Inc.

25)     Upon information and belief, Moshe Malka resides in Kings County, New York.

26)     Upon information and belief, Moshe Malka is an officer, owner, or manager of Blue Toys Corp. and is intimately involved in its affairs.

*Sexy Shakes Inc.*

27)     Defendant Sexy Shakes Inc. is a New York domestic business corporation that has its principal executive office at 236 W. 40th St., New York, NY 10018.

28)     Upon information and belief, Sexy Shakes Inc.'s sole place of business is/was at this location.

29)     The chief executive officer of Sexy Shakes Inc. is Elad Hevroni.

30)     Upon information and belief, Elad Hevroni is a relative and/or friend to Moshe Malka, and upon information and belief, Elad Hevroni currently resides in Israel.

31)     Sexy Shakes Inc. is/was a business that sells/sold shakes and a few other food and/or drink items.

32)     Upon information and belief, Sexy Shakes Inc. closed its doors at 236 W. 40th St. in approximately October 2017 and is no longer operating. The use herein of the present tense only for Sexy Shakes Inc. is used purely for convenience, and shall also be intended to include the past tense.

*Blue Toys Corp.*

33)     Defendant Blue Toys Corp. is a New York domestic business corporation.

34)     Blue Toys Corp. maintains an address of 236 W. 40th St., New York, NY 10018.

35)     Upon information and belief, Blue Toys Corp. was formed by Shmuel and Moshe Malka following labor law issues associated with The Blue DVD Inc., and both Shmuel and Moshe Malka maintain control of Blue Toys Corp.

36)     In 2016, the employer listed on Plaintiff's Form W-2 Wage and Tax Statement was Blue Toys Corp., as opposed to The Blue DVD Inc., who had typically been listed on this form.

37)     The operations of the adult DVD store at 236 W. 40th St. did not change as a result of the formation of Blue Toys Corp., which occurred in October 2015. To the extent Blue Toys Corp. operates as a corporation, Blue Toys Corp.'s business is indistinguishable from that of The Blue DVD Inc., that is, Blue Toys Corp. sells primarily sex toys and adult DVDs, and shows adult films in private viewing booths at 236 W. 40th St.

38)     Upon information and belief, the powers of Blue Toys Corp. are co-extensive with those of The Blue DVD Inc. in terms of control over employees.

39)     Blue Toys Corp. has not posted a sign or any other indication of business at 236 W. 40th St.

40)     Reference to The Blue DVD Inc. will herein also be intended to include Blue Toys Corp., except when noted otherwise.

<u>STATEMENT OF FACTS</u>

41)     Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force as though fully set forth herein.

42)     During his employment with Defendants, Plaintiff performed a variety of tasks. Plaintiff cleaned the plastic seats of private, adult-video viewing booths and changed higher denomination bills for customers wishing to watch these videos at The Blue DVD Inc. and/or Blue Toys Corp. (hereinafter "The Blue DVD Inc.")'s 40th St. location. In addition, Plaintiff sold sex toys and adult DVDs at both of The Blue DVD Inc.'s locations. Plaintiff also sold, for a short time, handbags and smoking implements for The Blue DVD Inc. at 236 W. 40th St., on the side of the store currently operated by Sexy Shakes Inc. Furthermore, Plaintiff made shakes, acted as a cashier, and performed cleaning duties for Sexy Shakes Inc.

43)     Both The Blue DVD Inc., whose main location is in Times Square and whose other location was in Chelsea, and Sexy Shakes Inc., whose only location is in Times Square, serve primarily out-of-state customers.

44)     As a cashier, Plaintiff frequently handled credit card transactions at both The Blue DVD Inc. and Sexy Shakes Inc., which transactions involved interstate banking and finance systems.

45)      At all relevant times, other cashiers of The Blue DVD Inc. and Sexy Shakes Inc.
also frequently handled credit card transactions involving interstate banking and finance systems.

46)      The Blue DVD Inc.'s employees, including Plaintiff, at all relevant times sold
sundry sex toys and adult DVDs, which goods have been moved in interstate commerce.

47)      Sexy Shakes Inc.'s employees at all relevant times used ingredients and
instrumentalities that had been moved in interstate commerce to produce the shakes and other
items sold by Sexy Shakes Inc.

48)      Both Shmuel and Moshe Malka exercised control over the operations of The Blue
DVD Inc. and were employers to employees of The Blue DVD Inc., including Plaintiff. Both
father and son determined which employees to hire and fire (including the hiring of Plaintiff),
told The Blue DVD Inc. employees what shift hours to work (including Plaintiff), determined the
rate of pay of employees of The Blue DVD Inc. (including Plaintiff's), signed checks for
payment of The Blue DVD Inc.'s employee's wages (including Plaintiff), told The Blue DVD
Inc.'s employees at which location to work (including Plaintiff), and instructed Plaintiff when to
work for Sexy Shakes Inc. instead of Blue DVD Inc.

49)      Both Shmuel and Moshe Malka also exercised control over Sexy Shake Inc.'s
operations and were employers to employees of Sexy Shakes Inc. Both father and son
determined which Sexy Shake Inc. employees to hire and fire (including the hiring of Plaintiff),
told these employees what shift hours to work (including Plaintiff), determined the rate of their
pay (including Plaintiff's), paid Sexy Sakes, Inc. employees (including Plaintiff), albeit by
signing checks labeled "The Blue DVD Inc." (reference to The Blue DVD Inc. does not here also
include Blue Toys Corp.), and told Plaintiff when to work for The Blue DVD Inc. instead of
Sexy Shakes Inc.

50)     At times, Shmuel Malka would travel to Israel and leave Moshe Malka as the sole person in charge of The Blue DVD Inc. and Sexy Shakes Inc.

51)     The Blue DVD Inc. permitted and accommodated Plaintiff to work for Sexy Shakes Inc. and Sexy Shakes Inc. permitted and accommodated Plaintiff to work for The Blue DVD Inc.

52)     While working at Sexy Shakes Inc., Plaintiff wore a "Sexy Shakes" black ballcap hat.

53)     Sexy Shakes Inc. and The Blue DVD Inc. share a business address—236 W. 40th Street, New York, NY 10018—and operate side by side. Sexy Shakes Inc. customers used The Blue DVD Inc.'s restroom for some time until a health official raised concern about this practice.

54)     Sexy Shakes Inc. and The Blue DVD Inc. both sell adult-themed products and market to a similar client base. Clients often patronized both locations on the same visit.

55)     Upon information and belief, Shmuel Malka is the son of Moshe Malka, and Moshe Malka and Elad Hevroni are friends and/or relatives. Upon information and belief, all three persons are originally from Israel.

56)     At the direction of Moshe and Shmuel Malka, Sexy Shakes Inc. and The Blue DVD Inc. regularly shifted Plaintiff between their stores to perform work. From the opening of Sexy Shakes Inc. in roughly the spring of 2016 until approximately the end of 2016, Plaintiff switched between working at both stores, often on the same day, depending on the busyness of each shop. At around the beginning of 2017, Plaintiff was directed by Moshe and Shmuel Malka to work solely at Sexy Shakes Inc.

57)     Despite working for both Sexy Shakes Inc. and The Blue DVD Inc., Plaintiff only ever received checks labeled "The Blue DVD Inc." (reference to The Blue DVD Inc. does not here also include Blue Toys Corp.) in payment for his work at both locations.

58)     At all relevant times, The Blue DVD Inc.'s annual gross volume of sales was not less than $500,000.

59)     As a cashier at The Blue DVD Inc., Plaintiff usually sold between two and three thousand dollars of product per day. In addition, one of The Blue DVD Inc.'s locations is in Times Square, a location that the company would likely not be able to afford to rent commercial space in without at least $500,000 gross volume of sales.

60)     At all relevant times Sexy Shakes Inc.'s annual gross volume of sales was not less than $500,000.

61)     Sexy Shakes Inc. is located in Times Square, and would likely not be able to afford to rent commercial space there without such gross volume of sales.

62)     In addition, the Facebook profiles of Sexy Shakes Inc.'s chief executive officer, Elad Hevroni, and that of Moshe and Shmuel Malka, all indicate a significant level of financial success. This is consistent with running a business, Sexy Shakes Inc., that grosses not less than $500,000 in sales annually.

63)     At all relevant times, the gross volume of sales of The Blue DVD Inc. and Sexy Shakes Inc. combined was not less than $500,000.

64)     At all relevant times, both The Blue DVD Inc. and Sexy Shakes Inc. employed two (2) or more employees. During Plaintiff's periods of employment, The Blue DVD Inc.'s 18th St. location generally had around four (4) employees and the 40th St. shop usually had

roughly six (6) employees. Sexy Shakes Inc., meanwhile, generally employed approximately three (3) individuals.

65)     At all relevant times, Plaintiff worked twelve (12) hours shifts only, and did so for both The Blue DVD Inc. and Sexy Shakes Inc. These twelve (12) hours shifts were either from 8 a.m. to 8 p.m. ("day shift"), or from 8 p.m. to 8 a.m. ("night shift").

66)     Plaintiff did not clock in or out to work, and upon information and belief, none of the Defendants kept proper employment records pursuant to the FLSA and NYLL.

67)     The following table approximately summarizes Plaintiff's work history for Defendants:

| Approximate Time Period | 18th St. Blue DVD Inc. | 40th St. Blue DVD Inc. | Sexy Shakes Inc. |
|---|---|---|---|
| June 2011 – March 2012 | Four (4) Days/Week — Night and Day Shifts | | N/A |
| April 2012 – December 2012 | Seven (7) Days/Week Day Shift | N/A | N/A |
| January 2013 – March 2014 | N/A | N/A | N/A |
| April 2014 – August 2014 | Four (4) Days/Week Night Shift | N/A | N/A |
| September 2014 – Mid-January 2015 | N/A | Six (6) Days/Week Day Shift | N/A |
| Mid-January 2015 – Mid-February 2015 | N/A | N/A | N/A |
| Mid-February 2015 – May 2016 | Seven (7) Days/Week Night Shift | N/A | N/A |
| June 2016 – December 2016 | N/A | Seven (7) Days/Week — Day Shift | |

| January 2017 – July 2017 | N/A | N/A | Six (6) Days/Week Day Shift |
|---|---|---|---|

68)     As noted in the table, from roughly June 2011 to approximately March 2012, Plaintiff generally worked four (4) days per week at The Blue DVD Inc., although sometimes he would work three (3) days per week, and sometimes five (5). Plaintiff worked at both the 18th St. and 40 St. locations during this time, working day shifts when he was at the 40th St. location and night shifts for the 18th St. store.

69)     Around April 2012 until the end of 2012, Plaintiff transitioned to working solely at the 18th St. location. During this time, he usually worked seven (7) days per week and performed the day shift.

70)     For 2013 and the first few months of 2014, Plaintiff did not work at either The Blue DVD Inc. or Sexy Shakes Inc.

71)     In approximately April 2014, Plaintiff returned to The Blue DVD Inc. and worked night shifts around four (4) days per week for about six (6) months at the 18th St. location.

72)     After this, Plaintiff moved to The Blue DVD Inc.'s 40th St. store until mid-January 2015, where he worked day shifts for generally six (6) days per week.

73)     In mid-January to mid-February 2015 Plaintiff did not work for The Blue DVD Inc. or Sexy Shakes Inc., as he was filling in at a different job for a friend who had had heart surgery.

74)     When Plaintiff returned to The Blue DVD Inc. in mid-February 2015, he resumed his full schedule and almost always worked seven (7) day per week, infrequently doing six (6) days per week. From mid-February 2015 until approximately the spring of 2016, when Sexy

Shakes Inc. opened, Plaintiff generally worked at the 18th St. location of The Blue DVD Inc. and performed night shifts.

75)    Then, in roughly the spring of 2016, Sexy Shakes Inc. opened and Plaintiff began to split his time between The Blue DVD Inc.'s 40th St. location and Sexy Shakes Inc.

76)    During this period, from roughly the spring of 2016 to approximately the end of 2016, Plaintiff worked the day shift. Plaintiff would move back and forth between the stores as needed, not infrequently even during the same day. During this time, Plaintiff almost always worked seven (7) days per week.

77)    Then, at roughly the beginning of 2017 until the end of his employment with The Blue DVD Inc. and Sexy Shakes Inc. at the end of July 2017, Plaintiff began to work solely at Sexy Shakes Inc., and to do so only six (6) days per week.

78)    During all of Plaintiff's employment with The Blue DVD Inc. and Sexy Shakes Inc., Plaintiff received roughly $75 per day in pay. Thus, for example, when Plaintiff worked four (4) days per week he received approximately $300 per week for his work, and when he performed seven (7) days per week of work, he would get $525.

79)    Plaintiff received slightly more compensation toward the end of his employment with The Blue DVD Inc. and Sexy Shakes Inc., receiving between $525 and $575 when working seven (7) days per week.

80)    Plaintiff received payment from, at different times, both Moshe and Shmuel Malka.

81)    Plaintiff's pay came in cash, check, and a combination of cash and check. The checks were always labeled as "The Blue DVD Inc." checks (reference to The Blue DVD Inc. does not here also include Blue Toys Corp.).

82)     Plaintiff never received payment directly from Sexy Shakes Inc., apart from the pay he was given by Shmuel or Moshe Malka.

83)     A notice of wage rates was posted in, at least, The Blue DVD Inc.'s 40th St. location.

84)     During Plaintiff's employment, Moshe Malka had Plaintiff and other workers at The Blue DVD Inc. sign papers incorrectly stating that the employees worked only forty (40) hours a week.

85)     Defendants never provided Plaintiff with a notice, at the time of his hiring, at annual intervals, or at any other time, setting forth the rate of Plaintiff's pay and the rate's basis, Plaintiff's regular pay day, the name of the employers, or the contact information of the employers.

86)     Defendants never provided Plaintiff with a notice, at each payment of wages or at any other time, identifying the dates of work covered by a particular payment of wages, the rate of pay and the basis for that rate, gross wages, or deductions.

FIRST CLAIM FOR RELIEF — MINIMUM WAGE UNDER THE FLSA

87)     Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force as though fully set forth herein.

88)     Defendants The Blue DVD Inc., which, as discussed above, is intended to mean also Blue Toys Corp., Shmuel Malka, Moshe Malka, and Sexy Shakes Inc. form a single enterprise under 29 U.S.C. § 203(r). Prior to Sexy Shake Inc.'s creation, The Blue DVD Inc., Shmuel Malka, and Moshe Malka formed a single enterprise.

89)     Defendants The Blue DVD Inc., Shmuel Malka, Moshe Malka, and Sexy Shakes Inc. were joint employers of Plaintiff under 29 U.S.C. § 203(d) and 29 C.F.R. § 791.2. Prior to

Sexy Shakes Inc.'s creation, The Blue DVD Inc., Shmuel Malka, and Moshe Malka were joint employers of Plaintiff.

90)     Plaintiff was the employee of and was employed by each Defendant.

91)     In each workweek Plaintiff worked for Defendants, Plaintiff was engaged in commerce.

92)     In each workweek Plaintiff worked for Defendants, Defendants as a single enterprise, and also if considered to be separate enterprises, engaged in commerce as that phrase is defined in 29 U.S.C. § 203(s)(A).

93)     At all relevant times, Plaintiff was not exempt from coverage of the FLSA.

94)     The wage paid by Defendants failed to compensate Plaintiff at the minimum wage set forth in 29 U.S.C. § 206(a).

95)     Plaintiff is entitled to recover minimum wages owed to him from Defendants for up to three (3) years prior to the filing of this suit because Defendants' failure to pay the minimum wage was a willful violation of the FLSA, pursuant to 29 U.S.C. § 255.

96)     Defendants' failure to fully pay minimum wages was not done in good faith and Defendants did not have reasonable grounds for believing that their failure was not in violation of the FLSA.

97)     Plaintiff is entitled to recover from Defendants the full amount of unpaid minimum wages, as well as liquidated damages equal to the full amount of unpaid minimum wages, attorney's fees, costs and disbursements, interest, and any and all such other equitable and legal relief permitted by the FLSA which the Court finds just and proper.

<u>SECOND CLAIM FOR RELIEF — OVERTIME UNDER THE FLSA</u>

98)      Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force as though fully set forth herein.

99)      Defendants The Blue DVD Inc., Shmuel Malka, Moshe Malka, and Sexy Shakes Inc. form a single enterprise under 29 U.S.C. § 203(r). Prior to the Sexy Shakes Inc.'s creation, The Blue DVD Inc., Shmuel Malka, and Moshe Malka formed a single enterprise.

100)      Defendants The Blue DVD Inc., Shmuel Malka, Moshe Malka, and Sexy Shakes Inc. were joint employers of Plaintiff under 29 U.S.C. § 203(d) and 29 C.F.R. § 791.2. Prior to Sexy Shakes Inc.'s creation, The Blue DVD Inc., Shmuel Malka, and Moshe Malka were joint employers of Plaintiff.

101)      Plaintiff was the employee of and was employed by each Defendant.

102)      In each workweek Plaintiff worked for Defendants, Plaintiff was engaged in commerce.

103)      In each workweek Plaintiff worked for Defendants, Defendants as a single enterprise, and also if considered to be separate enterprises, engaged in commerce as that phrase is defined in 29 U.S.C. § 203(s)(A).

104)      At all relevant times, Plaintiff was not exempt from coverage of the FLSA.

105)      In each workweek Plaintiff worked for Defendants, Defendants failed to compensate him under 29 U.S.C. § 207(a) at a rate not less than one and one-half times the regular rate at which he was employed for the hours he worked in excess of forty (40) hours.

106)      Plaintiff is entitled to recover unpaid overtime compensation owed to him from the Defendants for up to three (3) years prior to filing this suit because Defendant's failure to pay

Plaintiff overtime compensation was a willful violation of the FLSA, pursuant to 29 U.S.C. § 255.

107)    Defendants' failure to fully pay overtime compensation was not done in good faith and Defendants did not have reasonable grounds for believing that their failure was not in violation of the FLSA.

108)    Plaintiff is entitled to recover from Defendants the full amount of overtime compensation, as well as liquidated damages equal to the full amount of overtime compensation, attorney's fees, costs and disbursements, interest, and any and all such other equitable and legal relief permitted by the FLSA which the Court finds just and proper.

<u>THIRD CLAIM FOR RELIEF — MINIMUM WAGE UNDER THE NYLL</u>

109)    Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force as though fully set forth herein.

110)    Defendants were the employers of Plaintiff, their employee, at all relevant times, as those terms are defined in NYLL § 651.

111)    Defendants The Blue DVD Inc., Moshe Malka, Shmuel Malka, and Sexy Shakes Inc. were the joint employers of Plaintiff. Prior to Sexy Shakes Inc.'s creation, The Blue DVD Inc., Moshe Malka, and Shmuel Malka were the joint employers of Plaintiff.

112)    At all relevant times, Plaintiff was not exempt from coverage of the NYLL and its supporting regulations.

113)    Defendants failed to pay Plaintiff the minimum wage owed to him for hours worked under NYLL § 652.

114)    Plaintiff is entitled to recover unpaid wages for up to six (6) years prior to the filing of this suit pursuant to NYLL § 663.

16

115)    Defendants' failure to fully pay minimum wages was not done in good faith.

116)    Plaintiff is entitled to recover from Defendants unpaid minimum wages, as well as liquidated damages equal to the full amount of his unpaid wages, attorney's fees, costs and disbursements, interest, and any and all such other equitable and legal relief permitted by the NYLL and its supporting regulations which this Court finds just and proper.

FOURTH CLAIM FOR RELEF — OVERTIME UNDER THE NYLL AND NYCRR

117)    Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force as though fully set forth herein.

118)    Defendants were the employers of Plaintiff, their employee, at all relevant times, as those terms are defined in NYLL § 651 and 12 NYCRR § 142-2.14.

119)    Defendants The Blue DVD Inc., Moshe Malka, Shmuel Malka, and Sexy Shakes Inc. were the joint employers of Plaintiff. Prior to Sexy Shakes Inc.'s existence, The Blue DVD Inc., Moshe Malka, and Shmuel Malka were the joint employers of Plaintiff.

120)    At all relevant times, Plaintiff was not exempt from coverage of the NYLL and its supporting regulations.

121)    Defendants failed to pay Plaintiff for overtime at a wage rate of one and one-half times Plaintiff's regular rate as provided by 12 NYCRR § 142-2.2.

122)    Plaintiff is entitled to recover overtime compensation for up to six (6) years prior to the filing of this suit pursuant to NYLL § 663.

123)    Defendants' failure to pay overtime wages was not done in good faith.

124)    Plaintiff is entitled to recover from Defendants overtime compensation, as well as liquidated damages in the amount of his overtime wages, reasonable attorney's fees, costs and

disbursements, interest, and any and all such other equitable and legal relief permitted by the NYLL and its supporting regulations and which this Court finds just and proper.

FIFTH CLAIM FOR RELIEF — SPREAD OF HOURS UNDER THE NYLL AND NYCRR

125)   Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force as though fully set forth herein.

126)   Defendants were the employer of Plaintiff, their employee, at all relevant times, as those terms are defined in NYLL § 651 and 12 NYCRR § 142-2.14.

127)   Defendants The Blue DVD Inc., Moshe Malka, Shmuel Malka, and Sexy Shakes Inc. were the joint employers of Plaintiff. Prior to Sexy Shakes Inc.'s creation, The Blue DVD Inc., Moshe Malka, and Shmuel Malka were the joint employers of Plaintiff.

128)   At all relevant times, Plaintiff was not exempt from coverage of the NYLL and its supporting regulations.

129)   Plaintiff was employed by Defendants for shifts each day he worked of twelve (12) hours, yet was not compensated for spread of hours pay pursuant to 12 NYCRR § 142-2.4, as the term "spread of hours" is defined in 12 NYCRR § 142-2.18.

130)   Plaintiff is entitled to recover spread of hours pay for up to six (6) years prior to the filing of this suit pursuant to NYLL § 663.

131)   Defendants' failure to pay spread of hours was not done in good faith.

132)   Plaintiff is entitled to recover from Defendants spread of hours pay, as well as liquidated damages in the amount of the spread of hours pay owed, attorney's fees, costs and disbursements, interest, and any and all such other equitable and legal relief permitted by the NYLL and its supporting regulations and which this Court finds just and proper.

SIXTH CLAIM FOR RELIEF — NOTICE OF PAY PENALTIES UNDER THE NYLL

133)    Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force as though fully set forth herein.

134)    Defendants were the employer of Plaintiff, their employee, at all relevant times, as those terms are defined in NYLL § 651.

135)    Defendants The Blue DVD Inc., Moshe Malka, Shmuel Malka, and Sexy Shakes Inc. were the joint employers of Plaintiff. Prior to Sexy Shakes Inc.'s creation, The Blue DVD Inc., Moshe Malka, and Shmuel Malka were the joint employers of Plaintiff.

136)    At all relevant times, Plaintiff was not exempt from coverage of the NYLL and its supporting regulations.

137)    Defendants never provided Plaintiff with a notice, upon hiring Plaintiff, at annual intervals, or at any other time, that complied with the requirements of NYLL § 195(1).

138)    Defendants also never furnished Plaintiff with a notice, with every payment of wages or at any other time, that complied with the requirements of NYLL § 195(3).

139)    Defendants' failure to provide these notices was not done in good faith.

140)    For Defendants' failure to provide notice in compliance with NYLL § 195(1), Plaintiff is entitled to $5,000, the maximum penalty allowed under NYLL § 198(1-b), in addition to attorney's fees, costs and disbursements, interest, and any and all such other equitable and legal relief permitted by the NYLL and its supporting regulations and which this Court finds just and proper.

141)    For Defendants' failure to give Plaintiff notice that followed NYLL § 195(3), Plaintiff is also entitled to $5,000, the maximum penalty permitted under NYLL § 198(1-d), in addition to attorney's fees, costs and disbursements, interest, and any and all such other equitable

and legal relief permitted by the NYLL and its supporting regulations and which this Court finds just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court find in favor of him and against the Defendants as follows:

a. Award Plaintiff the value of all compensation and benefits lost as a result of Defendants' unlawful failure to fully pay minimum wages, overtime compensation, and spread of hours pay;

b. Award liquidated damages to Plaintiff as a result of Defendants' failure to fully pay minimum wages, overtime compensation, and spread of hours pay;

c. Award penalties to Plaintiff as a result of Defendants' failure to provide Plaintiff with notices of pay;

d. Award Plaintiff attorney's fees, costs and disbursements, and pre- and post-judgment interest, as provided by law;

e. Issue such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Date: December 4, 2017                    Respectfully submitted,


s/ Naresh M. Gehi
Naresh M. Gehi, Esq.
Gehi & Associates

104-05 Liberty Ave.
Ozone Park, NY 11417
Tel: 718.577.0711
Fax: 718.263.1685