UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
KOWRISHANKER MALAIKOLUNDU,

                Plaintiff,

            2017 Civ. 9488 (KBF)

      - against -

            Settlement Agreement
            and

THE BLUE DVD INC., SHMUEL MALKA,
MOSHE MALKA, SEXY SHAKES INC., and
BLUE TOYS CORP.,

            Stipulation of Voluntary
            Dismissal

                Defendants.
-----------------------------------------------------------X

      Agreement made and entered into the ᴠ3 day of April, 2018, by and between KOWRISHANKER MALAIKOLUNDU ("Plaintiff") and THE BLUE DVD INC., SHMUEL MALKA, MOSHE MALKA, SEXY SHAKES INC., and BLUE TOYS CORP. (each a "Defendant," collectively, "Defendants").

      Whereas, Plaintiff and Defendants are parties to a certain lawsuit now pending in the United States District Court for the Southern District of New York, captioned KOWRISHANKER MALAIKOLUNDU, Plaintiff, against THE BLUE DVD INC., SHMUEL MALKA, MOSHE MALKA, SEXY SHAKES INC., and BLUE TOYS CORP., Defendants, Case Number 2017 Civ. 9488 (KBF);

      Whereas, the Plaintiff and Defendants have agreed to settle and compromise their differences and to settle this lawsuit upon the terms and conditions hereinafter provided and to discontinue the pending action upon the terms and conditions hereinafter set forth;

      NOW, THEREFORE, in consideration of the promises, the parties hereto agree

and covenant as follows:

1. **Settlement.** In full settlement of Plaintiff's labor law claims against all Defendants, Defendants The Blue DVD Inc., Shmuel Malka, Moshe Malka, Sexy Shakes Inc., and Blue Toys Corp. will pay to Plaintiff the sum of $30,000, as follows:

   a. Upon execution of this Agreement: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $1,000

   b. 38 equal monthly installments of $750 each, commencing May 1, 2018, and continuing monthly thereafter: . . . . . . . . . . . . . . . . . . . . . . . . . . . . $28,500

   c. One final payment of $500 one month after the final $750 payment . . . . $500

          Total Settlement        $30,000

   Pursuant to Plaintiff's agreement with his attorney, Plaintiff's attorney will distribute two-thirds of each payment to Plaintiff, and one-third of each payment to Gehi & Associates for attorneys' fees and costs. Accordingly, of the $1,000 payment, $667 will be payable to Plaintiff and $333 will be payable to Gehi & Associates for attorneys' fees and costs, of the $750 payment, $500 will be payable to Plaintiff and $250 to Gehi & Associates for attorneys' fees and costs, and of the $500 payment, $334 will be payable to Plaintiff and $166 to Gehi & Associates for attorneys' fees and costs.

2. **Payment Method.** Upon execution of this Agreement, Defendants shall deliver to Plaintiff in care of his attorney postdated checks for all payments detailed in ¶1. Attorney for Plaintiff shall hold these checks, depositing each check in escrow only on or after each check's date. All checks shall be sent to Plaintiff in care of his attorney—Gehi & Associates, 104-05 Liberty Ave., Ozone Park, NY 11417.

3. **Default.** In the event of Defendants' failure to deliver the checks

detailed above or to make funds available for payment when due, and if such failure continues for 15 days after written Notice to Defendants, as provided in ¶4, Plaintiff may enter judgment against the Defendants for the full settlement amount agreed to above, less credit for payments theretofore made. In the event of default, Defendants are jointly and severally liable to Plaintiff for the amount owed, which amount shall be calculated pursuant to the preceding sentence.

4. <u>Notices</u>.  Notices issued hereunder shall be in writing, delivered to Defendants at 236 West 40th Street, New York, NY 10018, with a copy sent to Defendants' attorney at the address set forth below, in each case delivered by Certified Mail, RRR, personal delivery, or overnight courier (provided proof of delivery is obtained). Notice shall also be sent by e-mail to 236blue@gmail.com. A letter or e-mail being returned to sender shall still constitute delivery of Notice, provided that Plaintiff provides proof of attempted delivery to the correct addresses listed above.

5. <u>Release</u>.  In consideration of the promises made by Defendants in this Agreement, Plaintiff hereby fully and forever releases and discharges Defendants from all claims raised or which could have been raised in the above-captioned action, arising under the Fair Labor Standards Act and/or the New York Labor Law. Plaintiffs agree that they are waiving all claims they could assert against Defendants under the Fair Labor Standards Act and/or the New York Labor Law that Plaintiff presently or ever had, has or may have, from the beginning of time to the date this Settlement Agreement is fully executed.

6. <u>Litigation Expense</u>.  In the event of litigation arising out of this

Settlement Agreement, including, without limitation, enforcement, the prevailing party shall be entitled to recover litigation costs, including reasonable counsel fees.

7.  Discontinuance.  It is hereby agreed and stipulated by and between the parties and their respective counsels that the above-captioned action is voluntarily dismissed with prejudice against the above-named Defendants pursuant to the Federal Rules of Civil Procedure 41(a)(1)(A).

8.  Non-Disparagement.  Each party hereto agrees and covenants that he or it will not in any manner disparage any adverse party in any way nor voluntarily disclose any information about this lawsuit, the settlement herein, nor any other aspect of their relationship. It is expressly understood and agreed that the filing of this instrument with the Court shall not in any way be deemed a breach of any party's obligations under this clause.  It is further agreed that if any party is compelled to testify as to any such matters by a court of competent jurisdiction, it shall not in any way be deemed a breach of any party's obligations under this clause provided such party promptly notifies the adverse party immediately upon learning that such party's testimony is being sought in order to afford the adverse party a reasonable opportunity to inmate action to prevent, suppress or seal such testimony.

9.  Electronic Signatures.  The parties hereto agree and covenant that executed copies of this instrument delivered by email, fax or other electronic means shall be binding and effective for all purposes with like effect as if containing original manual signatures.

In Witness whereof, the parties hereto have set their hands and seals the

day of April      , 2018.

SIGNATURES APPEAR ON THE FOLLOWING PAGE

| MANDEL & MANDEL LLP<br>*Attorneys for Defendants* | LAW OFFICES OF N.M. GEHI<br>*Attorneys for Plaintiff* |
|---|---|
| By:_____<br>Frederick H Mandel (FHM 3404)<br>274 Madison Avenue<br>New York, New York 10166<br>E-mail fhm@mandel-mandel.com<br>Fax (212) 594-5234<br>Tel (212) 594-5200 | By: /s/ Ben Baumgartner<br>Ben Baumgartner (BB2358)<br>104-05 Liberty Ave,<br>Ozone Park, NY 11417<br>E-mail benb@gehilaw.com<br>Fax (718) 263-1685<br>Tel (718) 577-0711 |
| /s/ Moshe Malka<br>Moshe Malka, Individually | /s/ Kowrishanker Malaikolundu<br>Kowrishanker Malaikolundu, Individually |
| The Blue DVD Inc.<br>By: /s/ Moshe Malka<br>Moshe Malka, Vice President | Sexy Shakes Inc.<br>By: /s/ Moshe Malka<br>Moshe Malka, Vice President |
| | Blue Toys Corp.<br>By: /s/ Moshe Malka<br>Moshe Malka, Vice President |

SO ORDERED.

Dated: New York, New York
~~April ___, 2018~~  5/21/18

/s/ KBF
The Honorable Katherine B. Forrest